**Morgan RHEAD, Plaintiff—Appellant,**

v.

**J. MUNDY; J. Eastman; G. Hart; City of Carlsbad Police Department, Defendants—Appellees.**

**No. 02–55817.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided Aug. 1, 2003.

---

Before: SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff *would necessarily imply the invalidity of his conviction* or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (emphasis added). Morgan Rhead appeals from the district court's grant of summary judgment to the defendants under *Heck.* We reverse.

The defendants have the burden of showing that success by Rhead in his § 1983 action would *necessarily* imply the invalidity of his conviction under California Penal Code § 148(a). *Sanford v. Motts,* 258 F.3d 1117, 1119 (9th Cir.2001); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1105 (9th Cir. 2000). They have not done so here. Nothing in the record reveals the factual basis of Rhead's nolo plea to § 148(a). The fact section of the plea document was left blank, and no facts were presented at the plea colloquy in front of the California Superior Court. The state-court judge, who was in the best position to understand the factual basis of Rhead's conviction, apparently saw no bar to any civil proceeding arising from Rhead's nolo plea. We therefore hold that Rhead's § 1983 suit, if successful, would not necessarily imply the invalidity of his conviction and thus is not *Heck*-barred.

REVERSED and REMANDED.

SILVERMAN, Circuit Judge, dissenting.

I respectfully dissent. Rhead alleged in paragraphs nine and ten of his complaint as follows: He gave a sarcastic answer to Officer Hart. Hart and other officers responded by forcefully taking Rhead to the ground, beating him with flashlights and clubs, spraying him in the eyes with pepper spray, and painfully applying nunchakus to his arm. The beating culminated in his being handcuffed and placed in the police car. As alleged by Rhead himself, this was one continuous event without any break in the action. *See Cunningham v. Gates,* 312 F.3d 1148, 1154–55 (9th Cir. 2002). Under California law, Rhead's conviction for violating California Penal Code § 148 necessarily established the lawful-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ness of the officers' conduct. *Susag v. City of Lake Forest*, 94 Cal.App.4th 1401, 115 Cal.Rptr. 269, 273 (2002) Therefore, a judgment in favor of Rhead in this civil case would necessarily imply the invalidity of the conviction. For that reason, the lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

It does not matter that the state court judge advised (or even misadvised) Rhead about the availability of civil remedies against the officers. If the judge misled him about the effect of a no contest plea, Rhead might have grounds to withdraw his plea and go to trial. However, in no event is the state court judge empowered to overrule the United States Supreme Court's decision in *Heck*.

I would affirm the district court.